### GALEF v. FINKELSTEIN et al.

(Supreme Court, Appellate Term. November 18, 1903.)

1. APPEAL—WANT OF PREJUDICE.

Where defendant asserted that he had overpaid plaintiff, and, on appeal by plaintiff from a judgment in his favor, it appeared that a finding for defendant might have been proper, a contention on the part of plaintiff that the judgment was improper, in that he should have had judgment for a larger sum, or judgment should have been rendered for defendant, was untenable.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Isaac Galef against Max Finkelstein and others. From the judgment, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Charles Dushkind, for appellant.
Klein & Burkan, for respondents.

BLANCHARD, J. This is an appeal by plaintiff from a judgment in his favor for the sum of $6. The plaintiff's claim is founded upon a balance due for labor performed upon contract with the defendant, and also for certain extra work. The defendant denied certain of plaintiff's claims, and asserted that he had overpaid the plaintiff. The position of the appellant upon this appeal is that the court below was not justified in giving judgment in his favor for so small a sum; that either the court must have given judgment in his favor for a larger sum, or must have found in defendant's favor. There is no claim made by the appellant upon this appeal that, had the court below found for the defendant, it would not have been justified from the evidence. On the contrary, the impression is conveyed that such a finding might have been proper. If such a finding were proper, how can it be said that the plaintiff is damaged by· getting a judgment? He certainly is not prejudiced by securing more than it is conceded the trial court need have given him.

Judgment should be affirmed, with costs. All concur.

BISCHOFF, J. (concurring). There was a disputed item of services rendered, for superintending certain work, as to the reasonable value of which services there was room for judicial determination in

an amount ranging from $10 to $50. The adjustment of the account upon the basis of the defendant's figures, save for an appropriate allowance greater than the small amount conceded by defendant upon this item, could properly result in the allowance to the plaintiff of the amount found for the purposes of this judgment.

Upon this ground the recovery was not inconsistent with the proof, and I concur for affirmance.